# 7210

SUCCESSION

OF                                        NO. 7 2 1 0

MRS. EMILE KRANTZ


CHARLES F. CLAIBORNE, JUDGE.

December 3rd.1917.

1

CHARLES F. CLAIBORNE, JUDGE.

The heirs of the deceased and her surviving husband both claim to be creditors of the community.

The deceased Magdalena Schenck wife of Emile Krantz was married to him pn July 12th. 1890.

She died intestate in February 1916 leaving as sole heirs her father, Michel Schenck, and several sisters.

An administrator was appointed. A judgment was subsequently rendered putting her surviving husband and her heirs in possession of all the property left by her, and directing the administrator to retain in his hands the sum of Three Hundred Dollars until the further orders of the Court. Thereupon the heirs took a rule upon the administrator and Emile Krantz, her surviving husband, to turn over to them this sum of $300 upon the allegation " that the community of acquets and gains was indebted to the estate of the deceased in the sum of $300, being the amount which was received by her and used for the benefit of the community from her father".

Emile Krantz denied the allegations of the rule, and alleged that, if Magdalena Schenck received said amount, no part thereof was used by or for the benefit of the community. He further averred that he had received $166 from the succession of his parents which was used for the benefit of the community, and he asked to be paid this amount.

There was judgment in favor of the heirs and

2

against the husband.

From this judgment the husband brings Krantz has appealed.

The only evidence in favor of the heirs is the testimony of Elizabeth Schenck wife of W.Maher, a sister of the deceased and one of her heirs. She testified as follows: " Q. You are a sister of the deceased, Mrs. Krantz?

A. Yes, Sir.

Q. When/your sister married ?
     was

A. On the 12th. of July 1890.

Q. I show you a document; do you recognize the handwriting?

A. Yes.

Q. Whose is it?

A. Mrs. Krantz.

Q. Your deceased sister?

A. Yes, sir.

Q. The document reads as follows: 'New Orleans 11th. of July 1890,I have received from my father Michael Schenck $300 Dollars three hundred Dollars "Signed" Miss Magdalena Schenck."

Q. You also received $300 from your father?

A. Yes, sir.

Q. What was the share coming to you from your mother's estate?

A. Yes, sir.

Cross- examination:

Q. Do you know what your sister did with the $300 after she married?

A. No, I don't. "

Emile Krantz the surviving husband being examined said:

Q. Mr.Krantz, there is a claim made here for $300 that your wife received from her rather. Did you receive

3

that $300?

A. No, not a cent.

Q. Was any of that money used in the purchase of the real estate or household furniture?

A. No, sir.

Q. Did you know that your wife had received the $300 from her father before the succession was opened?

A. It may have been she got it before we married, dont know.

Q. You didn't see it while she was living?

A. No.

Q. She did not hand it to you?

A. No, not a penny.

The receipt by Mrs. Schenck is insufficient, by itself, to establish a claim against her future husband, Krantz, or against the future community.

She could not make conclusive evidence for herself or for her heirs by her mere declarations.

The best evidence was the record of her mother's succession; there is no testimony that her succession had never been opened or that the record was lost. The next best evidence was the testimony of her father, Michael Schenck, from whom, according to the receipt, she received the $300.

He was living in this City and was a petitioner claiming his share in her succession.

In Gillett vs. De Ranco 6A.590 the Court said: "Where the dowry of the wife has not been paid in presence of the notary, she must prove, as against third persons, that it was actually received. The receipt by the husband is not to be entirely disregarded, but is not proof of the fact, unless supported by other circumstances." 35A.778; 3A.142; 5R.292, 347; 7N.S.460; 7M.652; 6R.37; 12M.164.

In Nores vs. Canaby 5R.292 (295) the opinion of

4

the Court was: " We do not mean to say, that it will suffice to show, that the party was possessed of particular property, or had a certain sum of money at a time previous to the marriage; it must be proved to have belonged to him at the time the marriage was celebrated."

In Breaux vs. Le Blanc, 16A.145 the wife had acknowledged in an authentic act having received $2153 sometime before the date of the act. The Court said: " There is nothing however *in* the case at bar to show that the amount claimed was actually received during the marriage; it was incumbent on the defendant, Breaux Jr., to make this fact certain even as against the heirs of the husband."

Besides, the failure to corroborate the receipt by the testimony of Michael Schenck gives rise to the presumption that it would not have done so. In Pruyn vs. Young 51A.320 it was said: "Where effective proofs are in the power of a party who refuses or neglects to produce them, that naturally raises a presumption that they would, if produced, make against him." Peyton vs. RRd. 41A.866; 38A.779; 36A.841; 35A.694; 20A.97; 1A.1; 11Am. & Eng. Enc. Law p.503 (2) , 221d.p.1257 (2).

But if we admit that plaintiffs have established that their *sister* received $300 there is no evidence that she delivered that money into the possession of her husband as the law requires to make him liable. In 12M. 164 the Court said: " The property was paraphernal, and it is *true* that the husband is only responsible in case it came into his possession and was enjoyed by him."

And in Newman vs. Cooper 50A.399: " there must be proof that the husband received the wife's paraphernal funds."

It is therefore evident that under the rules of law the plaintiffs have failed not only to establish that their *sister* received $300 but they have not even attempted to show that the money was delivered to her

5

husband, Emile Krantz.

But in his testimony the latter completely denies any knowledge of this $300, and specifically denies that he ever received it. This leaves plaintiff in rule without a case.

Judging the claims of Emile Krantz by the rules above stated, he has also failed to convince us that they are founded. He says he inherited $166 from the succession of his parents " No.94051 of the Docket of the Civil District Court. " Why did he not produce the record which was the best evidence? His failure to do so casts a doubt concerning the existence of his claim which is fatal to it. But he has another obstacle to overcome, as far as his claims are concerned, he must prove, not only that he inherited that money, but that it was invested in some manner that enriched the community. 41A.348; 43A.410; 38A.700, 728; 50A.53 and authorities there quoted.

In order to conform to this requirement he says he inherited the money about fifteen years ago and invested it in the purchase of a community property in the year 1911.

He does not account for the use he made of that money in the meantime.

His testimony leaves a doubt in our minds which compels us to decide against him.

It is therefore ordered that the judgment of the District Court be reversed in so far as it makes the rule absolute and orders William B.Seeber to turn over to the heirs of Magdalena Schenck wife of Emile Krantz the sum of three hundred dollars; and that it be affirmed in so far as it rejects the demand of Emile Krantz for $166; the costs of the rule and of this appeal to be paid by plaintiffs in rule, and the costs of the reconventional demand to be paid by Emile Krantz.

December 3rd.1917.